

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*    *(503) 727-1000*
*Portland, OR  97204-2902*    *Fax: (503) 727-1117*

February 6, 2013

Ms. Alison Clark, Esq.
Office of the Federal Public Defender
101 SW Main St., Suite 1700
Portland, OR 97204

       Re:   *United States v. Hershell O'Brien Clark*, Case No. 3:12-cr-0069 (SI)
             Amended Plea Agreement

Dear Counsel:

       This letter will set forth the government's plea offer in this case.

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to a Superseding Information, which charges Interstate Transportation in Aid of Racketeering Enterprise, in violation of Title 18, United States Code, Section 18 U.S.C. § 1952(a)(3).

3.    **Penalties**:  The maximum sentence for a violation of Title 18, United States Code, Section 1952(a)(3), is five years imprisonment, a fine of $250,000, a term of supervised release of not more than three years, and a $100 fee assessment.  Defendant agrees to pay the $100 fee assessment at the time of sentencing or explain to the Court why it cannot be done.

4.    **Elements and Facts**:  Defendant understands that the elements of Interstate Transportation in Aid of Racketeering Enterprise are as follows:

    a.    First, the defendant traveled in interstate commerce with the intent to facilitate the promotion, management, or carrying on of a business enterprise involving prostitution offenses; and

    b.    Second, after doing so the defendant facilitated the promotion, management, or carrying on of a business enterprise involving prostitution offenses.

       Defendant admits that the government can prove beyond a reasonable doubt at trial that on or about February 3, 2012, he traveled in interstate commerce, from Washington to Oregon,

Ms. Alison Clark, Esq.
Re: Hershell Clark Amended Plea Agreement
Page 2

with the intent to facilitate the promotion, management, and carrying on of a business enterprise involving prostitution offenses, and that after traveling from Washington to Oregon, he facilitated the promotion, management, and carrying on of a business enterprise involving prostitution offenses. Specifically, defendant admits that on or about February 3, 2012, he drove his co-defendant, Depri Spenser, and two other persons, from Washington to Oregon, intending to facilitate the promotion, management, and carrying on of Spenser's business enterprise involving illegal prostitution. Once in Oregon, defendant continued to drive Spenser and the two persons to and from prostitution clients, thereby facilitating the promotion, management, and carrying on of the business enterprise involving illegal prostitution.

5.   **Dismissal/No Additional Prosecution**: The USAO will move to dismiss at sentencing any remaining counts against defendant. The USAO further agrees not to file or seek any new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

6.   **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.   **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so before the expiration date set forth below, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8.   **Advisory Guidelines Calculation**: The parties stipulate and agree that pursuant to U.S.S.G. § 2E1.2 (Interstate Travel or Transportation in Aid of a Racketeering Enterprise), the offense level applicable to the underlying unlawful activity in respect to which the travel or transportation was undertaken (*i.e.*, the Mann Act), should apply here:

| | | |
|---|---|---|
| U.S.S.G. § 2G1.3(a)(4) | - Base offense level | 24 |
| U.S.S.G. § 3B1.2 | - Minimal Participant | -4 |
| U.S.S.G. § 3E1.1 | - Acceptance of responsibility | -3 |

The parties agree that the resulting offense level is 17. Assuming Criminal History Category I, the applicable advisory sentencing guidelines range is 24-30 months.

9.   **Additional Departures, Adjustments, or Variances**:

   A.   The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

Ms. Alison Clark, Esq.
Re: Hershell Clark Amended Plea Agreement
Page 3

   B. Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

   C. Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

10. **Sentencing Recommendation**: In consideration of the government's agreement to dismiss the counts of the indictment requiring a 10-year mandatory minimum sentence, and in consideration of the factors set forth at 18 U.S.C. § 3553(a), the parties agree to recommend jointly a sentence of **24 months imprisonment** (with credit for time served), followed by a **three-year period of supervised release**, as long as defendant demonstrates an acceptance of responsibility as explained above. In addition to the factors set forth at 18 U.S.C. § 3553(a), defendant also submits that a 24-month sentence is reasonable pursuant to U.S.S.G. § 5K2.13 (Diminished Capacity).

11. **Abandonment of Property**: By signing this agreement, defendant knowingly and voluntarily abandons his interest in the Droid RAZR telephone seized from defendant at the time of his arrest.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Ms. Alison Clark, Esq.
Re: Hershell Clark Amended Plea Agreement
Page 4

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

16. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline**: This plea offer expires if not accepted by **February 28, 2013, at 5 p.m.**

Sincerely,

S. AMANDA MARSHALL
United States Attorney

*/s/ Stacie F. Beckerman*

STACIE F. BECKERMAN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

2-28-13
Date

Hershell Clark, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/28/13
Date

Alison Clark, Attorney for Defendant